1  COOLEY LLP
   WILLIAM K. PAO (252637)
2  JONATHAN B. WAXMAN (294851)
   Wells Fargo Center, South Tower
3  355 South Grand Avenue, Suite 900
   Los Angeles, CA 90071
4  Telephone: (213) 561-3250
   Facsimile: (213) 561-3244
5  wpao@cooley.com
   jwaxman@cooley.com
6
   BRETT DE JARNETTE (292919)
7  AMIE L. SIMMONS (336356)
   3175 Hanover Street
8  Palo Alto, CA 94304-1130
   Telephone: (650) 843-5000
9  Facsimile: (650) 849-7400
   bdejarnette@cooley.com
10 asimmons@cooley.com

11 MICHAEL N. SHEETZ (*pro hac vice*)
   500 Boylston Street, 14th Floor
12 Boston, MA 02116
   Telephone: (617) 937-2300
13 Facsimile: (617) 937-2400
   msheetz@cooley.com
14
   *Attorneys for Defendant*
15 ACTIVEHOURS, INC. dba EARNIN

16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                        SAN JOSE DIVISION
19

20

21 FELIX RAMIREZ and MICHAEL COLLINS,      Case No. 5:25-cv-03625-PCP
   individually, on behalf of all others similarly
22 situated, and on behalf of the general public,   **DEFENDANT'S RESPONSE TO**
                                                     **PLAINTIFFS' NOTICES OF**
23              Plaintiffs,                          **SUPPLEMENTAL AUTHORITY**

24        v.                                         Date:    November 20, 2025
                                                     Time:    10:00 a.m.
25 ACTIVEHOURS, INC. d/b/a EARNIN,                   Dept:    Courtroom 8, 4th Floor
                                                     Judge:   Hon. P. Casey Pitts
26              Defendant.
                                                     Trial Date: None set
27                                                   Date Action Removed: April 24, 2025

28

COOLEY LLP
ATTORNEYS AT LAW

1    The Court should strike Plaintiffs' Notices of Supplemental Authority (ECF Nos. 46, 48,

2  51) (each a "Notice," and collectively, the "Notices") because they constitute improper argument

3  in violation of Civil Local Rule 7-3(d)(2).   Specifically, statements of recent decisions "shall

4  contain a citation to and provide a copy of the new opinion ***without argument.***"   Civil L.R. 7-

5  3(d)(2).   In violation of Local Rule 7-3(d)(2), each of Plaintiffs' Notices includes substantive

6  arguments and characterizations of the new opinions.  *See* ECF Nos. 46, 48, 51.  The Court should

7  thus strike Plaintiffs' Notices.

8    Plaintiffs attach three opinions to their Notices: *Moss v. Cleo AI Inc.*, No. C25-879-MLP,

9  2025 WL 2592265 (W.D. Wash. Sept. 8, 2025), *Vickery, et al. v. Empower Finance, Inc.*, No. 25-

10  CV-03675-JSC, 2025 WL 2841686 (N.D. Cal. Oct. 7, 2025), and *Revell v. Grant Money, LLC*, No.

11  25-CV-05994-TLT, 2025 WL 3167318 (N.D. Cal. Nov. 5, 2025) (all now on appeal).   Given

12  Plaintiffs make improper arguments about these cases, EarnIn feels compelled to clarify the record.

13  These matters were all decided without the benefit of the named plaintiffs' transaction records.  In

14  contrast, Plaintiffs' transaction records here show that customers understood repayment, tips, and

15  Lightning Speed were all optional—Ramirez did not repay as scheduled multiple times and chose

16  not to tip or use the Lightning Speed option in numerous transactions.  ECF No. 35 at 7–8; ECF

17  No. 47 at 4, 10–11.

18    The opinions are inapposite for at least three additional reasons.  First, they misconstrue the

19  plain meaning of "debt" as requiring less than a legal obligation.  *See Revell*, 2025 WL 3167318,

20  at *9–10;[1] *Vickery*, 2025 WL 2841686, at *5; *Moss*, 2025 WL 2592265, at *3–4.  But the dictionary

21  definition of debt, and the case law, suggest otherwise.  *See Debt*, BLACK'S LAW DICTIONARY (12th

22  ed. 2024) ("Liability on a claim[.]"); *Odier v. Hoffmann Sch. of Martial Arts, Inc.*, 619 F. Supp. 2d

23

24  [1] The *Revell* decision rests on the erroneous premise that "customers [cannot] cancel a scheduled repayment." 2025 WL 3167318, at *2.  In fact, the unambiguous contractual terms in that case allow customers to cancel a debit by emailing the provider three business days before the scheduled

25  repayment date.  *See Revell*, No. 25-cv-5994 (N.D. Cal. Aug. 8, 2025), ECF No. 31-1 at 10–11 (ECF pagination).  In any event, that premise does not apply to EarnIn.  Cash Out users have the

26  absolute right to cancel repayment simply by revoking their debit authorization through the EarnIn app by contacting customer support, as well as by de-linking or closing bank accounts or debit

27  cards associated with EarnIn accounts, or closing their EarnIn accounts entirely.  *See* ECF No. 35

28  at 14.

1    571, 577 (N.D. Ind. 2008) ("[T]he term 'debt' [under TILA] likely refers to a legally enforceable

2    obligation to pay money."); *see also In re Davis*, 194 F.3d 570, 577 (5th Cir. 1999) ("The Supreme

3    Court has held that the plain meaning of a 'debt' or 'claim' is 'nothing more or less than an

4    enforceable obligation.'") (quoting *Penn. Pub. Welfare Dep't v. Davenport*, 495 U.S. 552, 559

5    (1990)).

6         Second, *Moss*, *Vickery*, and *Revell* each erroneously interpret the staff commentary to

7    Regulation Z concerning "[p]ayday loans" and "deferred presentment" transactions, as saying that

8    TILA applies to any product that involves debit authorization.  *See* 12 C.F.R. pt. 1026, Supp. I,

9    Paragraph 2(a)(14) Credit, ¶ 2.  But this interpretation is inconsistent with the plain text of TILA,

10   which requires there to be deferred payment of a **debt** for there to be an extension of credit.  15

11   U.S.C. § 1602(f).  Moreover, Plaintiffs' "deferred presentment" cases prove EarnIn's point, as they

12   involved legal obligations to repay and financial or threatened punitive consequences, like criminal

13   prosecution.  ECF No. 47 at 5–6; *see, e.g.*, *Turner v. E-Z Check Cashing of Cookeville, TN, Inc.*,

14   35 F. Supp. 2d 1042, 1045–46 (M.D. Tenn. 1999) (customer required to repay, roll over principal

15   with a fee, or allow check to be cashed, and was "threaten[ed] . . . with criminal prosecution" when

16   her check bounced).  Unlike those cases, EarnIn customers have no legal obligation to repay and

17   face no financial or punitive consequences if they do not repay.  But even if the CFPB viewed Cash

18   Out as "deferred presentment," which it does not, this Court "must exercise independent judgment

19   in determining the meaning of statutory provisions" without deference to agency interpretations.

20   *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024).  The CFPB has no delegated authority

21   to contradict the meaning of the term Congress chose—debt—and there can be no debt absent a

22   legal obligation or recourse.  *See* ECF No. 47 at 6–7.

23        Third, *Moss*, *Vickery*, and *Revell* do not address whether voluntary tips constitute finance

24   charges.  And even as to expedite fees, the courts disregarded that the term "finance charge"

25   includes only fees that are "*imposed* . . . by the creditor." 12 C.F.R. § 1026.4(a) (emphasis added).

26   "Impose" means "to establish or apply by authority."  *Impose*, MERRIAM-WEBSTER ONLINE

27   DICTIONARY.  Thus, an optional fee—whether a tip or expedite fee—is not "imposed" by an EWA

28   provider.  That is why the Eleventh Circuit in *Veale v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir.

1996) held that a fee one "can choose to avoid" is "not *imposed* as an incident to [an] extension of credit." *Id.* at 579 (emphasis added);[2] *see also Slowjewski v. Polam Fed. Credit Union*, No. C–09–3011 JCS, 2010 WL 4973757, at *7–9 (N.D. Cal. Dec. 1, 2010), *aff'd sub nom. Slojewski v. Polam Fed. Credit Union*, 473 F. App'x 534 (9th Cir. 2012) ("Fedex/wire fees" in a mortgage refinance not finance charges because there was "no evidence that these charges were required in connection with the transaction.").

The three opinions in *Moss*, *Vickery*, and *Revell* thus do not change the outcome here—the Court should dismiss Plaintiffs' Amended Complaint with prejudice.

---

[2] Neither the *Moss* nor *Revell* courts discussed *Veale*. As to *Vickery*, the court attempted to split the EWA product at issue into two separate products—one with standard delivery and the other with an express fee. *See Vickery*, 2025 WL 2841686, at *7. But the Eleventh Circuit in *Veale* did not adopt that view and doing so here is inconsistent with Cash Out's real-world functionality. ECF No. 47 at 9–10. Indeed, Cash Out with Lightning Speed delivery is like instant transfers on digital wallets like CashApp or Venmo—there is one product, and a user can choose to pay a small fee for a quicker delivery of that product.

Dated: November 19, 2025

COOLEY LLP

By: */s/ Brett De Jarnette*
Brett De Jarnette

WILLIAM K. PAO (252637)
JONATHAN B. WAXMAN (294851)
Wells Fargo Center, South Tower
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244
wpao@cooley.com
jwaxman@cooley.com

BRETT DE JARNETTE (292919)
AMIE L. SIMMONS (336356)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
bdejarnette@cooley.com
asimmons@cooley.com

MICHAEL N. SHEETZ (*pro hac vice*)
500 Boylston Street, 14th Floor
Boston, MA 02116
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
msheetz@cooley.com

*Attorneys for Defendant*
ACTIVEHOURS, INC. dba EARNIN